JOHN B. BULGOZDY, Cal. Bar No. 219897
bulgozdyj@sec.gov
DAVID ROSEN, Cal. Bar No. 150880
rosend@sec.gov

JS-6

Attorney for Plaintiff
Securities and Exchange Commission
Rosalind Tyson, Acting Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile:  (323) 965-3815

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

|   |   |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY A. RICHIE and FORTRESS FINANCIAL GROUP, INC.,<br><br>Defendants. | Case No. EDCV 06-63-VAP (JCRx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT JEFFREY A. RICHIE** |

Plaintiff Securities and Exchange Commission ("Commission"), having filed and served upon Defendant Jeffrey A. Richie ("Richie") a Summons and Complaint in this action; Richie having entered a general appearance, consented to the Court's jurisdiction over him and the subject matter of this action, consented to entry of this Judgment, without admitting or denying the allegations of the Complaint, except as to jurisdiction and as specifically set forth herein, waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment; no notice of hearing upon entry of this Judgment being necessary; and this Court being fully advised:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Richie and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Richie and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating

Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Richie and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Richie and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-9 promulgated thereunder, 17 C.F.R. § 240.10b-9, in connection with the offer or sale of any security, to make any representation:

(1) to the effect that the security is being offered or sold on an "all-or-none" basis, unless the security is part of an offering or distribution being made on the condition that all or a specified amount of the consideration paid for such will be promptly refunded to the purchasers unless (1) all of the securities being offered are sold at a specified price within a specified time, and (2) the total amount due to the seller is received by him by a specified date; or

(2) to the effect that the security is being offered or sold on any other basis whereby all or part of the consideration paid for any such security will be refunded to the purchaser if all or some of the securities are not sold unless the security is part of an offering or distribution being made on the condition that all or a specified part of the consideration paid for such security will be promptly refunded to the purchaser unless (1) a specified number of units of the security are sold at a specified price within a specified time, and (2) the total amount due to the seller is received by him by a specified date.

### V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Richie is liable for disgorgement of $2,878,329, representing the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,441,218.32, for a total of $4,319,547.32. Based on Richie's sworn representations in his Statement of Financial Condition dated October 7, 2007 and subsequent information provided by Richie, the Commission has agreed to waive the payment of disgorgement, pre-judgment interest, and a civil penalty. Therefore, the Court is not ordering disgorgement, pre-judgment interest, or payment of a civil penalty at this time. However, the determination to waive

payment of disgorgement and pre-judgment interest and not to access a civil penalty was and is contingent upon the accuracy and completeness of Richie's Statement of Financial Condition.  If, at any time following the entry of this Final Judgment, the Commission obtains information indicating that Richie's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Richie, petition the Court for an order requiring Richie to pay the full disgorgement amount, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Richie was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Richie to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Richie may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

**VI.**

1
2
3   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is
4   incorporated herein with the same force and effect as if fully set forth herein, and
5   that Richie shall comply with all of the undertakings and agreements set forth
    therein.
6
                                    **VII.**
7
8   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain
9   jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

10
    IT IS SO ORDERED.
11
12  DATED: _February 25, 2008__            *Virginia A. Phillips*               _____
13                                  The Honorable Virginia A. Phillips
                                    UNITED STATES DISTRICT JUDGE
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28